## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| ROBERT W. KEOGH, as he is ADMINISTRATOR, and JAMES WOOL AND JOHN S. DESMOND, as they are TRUSTEES, SHEET METAL WORKERS LOCAL UNION NO. 17 INSURANCE FUND; JOHN S. DESMOND AND NEAL KELLEHER, as they are TRUSTEES, SHEET METAL WORKERS LOCAL UNION NO. 17 ANNUITY FUND; KEVIN GILL, as he is TRUSTEE, and JOHN HEALY, as he is COORDINATOR, SHEET METAL WORKERS LOCAL UNION NO. 17 APPRENTICE AND TRAINING FUND; JOHN HEALY AND KEVIN GILL, as they are TRUSTEES, SHEET METAL WORKERS LOCAL UNION NO. 17 SUPPLEMENTAL PENSION PLAN; THOMAS GUNNING, JR., as he is ADMINISTRATOR, EASTERN MASSACHUSETTS SHEET METAL INDUSTRY FUND; and ROBERT BUTLER, as he is TRUSTEE, LABOR MANAGEMENT COOPERATION TRUST FUND,<br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>TWIN TECH TESTING & BALANCING., INC.,<br>　　　　　Defendant,<br><br>　　　　　and<br><br>D.D.S. INDUSTRIES, INC.,<br>　　　　　Reach-and-Apply Defendant,<br><br>　　　　　and<br><br>MECHANICS COOPERATIVE BANK,<br>　　　　　Trustee. | C.A. No. |

_____

## COMPLAINT

## NATURE OF ACTION

1.　　　This is an action brought pursuant to Sections 502 and 515 of the Employee

Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and

(d)(1) and 1145, and Section 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 USC §185, by employee benefit plans and trust funds to enforce the obligations to make contributions to such plans and other funds as required under the terms of a collective bargaining agreement and ERISA.

## JURISDICTION

2.      The Court has jurisdiction of this action pursuant to Sections 502(a), (d), (e) and (f) and 515 of ERISA, 29 U.S.C. §§1132(a), (d), (e) and (f) and §1145, and Section 301 of the LMRA, as amended, 29 USC §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiff Robert W. Keogh is the Administrator, and Plaintiffs James Wool and John S. Desmond are trustees, of the Sheet Metal Workers Local Union No. 17 Insurance Fund ("Insurance Fund").  The Insurance Fund is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1), which provides medical, dental and other benefits to its participants.   The Insurance Fund is administered at 1157 Adams Street, Dorchester, Massachusetts, within this judicial district.

4.      Plaintiff Robert W. Keogh is the Administrator and Plaintiffs John S. Desmond and Neal Kelleher are trustees of the Sheet Metal Workers Local Union No. 17 Annuity Fund ("Annuity Fund").  The Annuity Fund is an "employee pension benefit plan" within the meaning of Section 3(2) of ERISA, 29 U.S.C. §1002(2), which provides a supplement to pension benefits after retirement.   The Annuity Fund is administered at 1157 Adams Street, Dorchester, Massachusetts, within this judicial district.

5. Plaintiff John Healy is the Coordinator and Plaintiff Kevin Gill is a trustee of the Sheet Metal Workers Local Union No. 17 Apprentice and Training Trust Fund ("Apprentice and Training Fund"). The Apprentice and Training Fund is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 1181 Adams Street, Dorchester, Massachusetts, within this judicial district.

6. Plaintiff Robert W. Keogh is the Administrator and Plaintiffs John Healy and Kevin Gill are trustees of the Sheet Metal Workers Local Union No. 17 Supplemental Pension Plan ("Supplemental Pension Plan"). The Supplemental Pension Plan is an "employee pension benefit plan" within the meaning of Section 3(2) of ERISA, 29 U.S.C. §1002(2), which provides supplemental pension benefits after retirement. The Plan is administered at 1157 Adams Street, Dorchester, Massachusetts, within this judicial district.

7. The Insurance, Annuity, Supplemental Pension, and Apprentice and Training Funds are multi-employer plans within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).

8. Plaintiff Robert Butler is a trustee of the Labor Management Cooperation Trust ("Equality Fund"). The Equality Fund is administered at 1157 Adams Street, Dorchester, Massachusetts, within this judicial district.

9. Plaintiff Thomas Gunning, Jr. is the administrator of the Eastern Massachusetts Sheet Metal Industry Fund ("Industry Fund"). The Industry Fund is administered at 100 Grossman Drive, Braintree, Massachusetts, within this judicial district.

10. All of the above referenced plaintiff Funds are collectively referred to herein as "the Funds." The Funds are third party beneficiaries of the collective bargaining agreement between Local Union No. 17 Fall River/New Bedford of the Sheet Metal Workers' International

Association ("Local 17" or "the Union") and the Fall River/New Bedford Sheet Metal Contractors Association ("Contractors Association").

11. On information and belief, Defendant Twin Tech Testing & Balancing, Inc. (hereinafter "Twin Tech") is a Massachusetts corporation, and is an employer engaged in commerce within the meaning of Sections 3(5), (11) and (12) of ERISA, 29 U.S.C. §1002(5), (11) and (12), and 29 U.S.C. §152(2). On information and belief, Twin Tech has its principal place of business at 151 State Road, Westport, MA 02790.

12. Reach-and-Apply Defendant D.D.S. Industries, Inc. (hereinafter "DDS") is a Massachusetts corporation with a principal place of business at 250 Ace Street, Fall River, Massachusetts. Upon information and belief, Twin Tech contracted with DDS to perform work, and DDS may owe Twin Tech money for that work. Plaintiff Funds have a legal or equitable interest in any payments or amounts due Twin Tech from DDS.

13. On information and belief, Mechanics Cooperative Bank is a banking institution holding assets of Twin Tech.

## GENERAL ALLEGATIONS OF FACT

14. Twin Tech Testing & Balancing, Inc. is a signatory to a collective bargaining agreement ("Agreement") between Local Union No. 17 Fall River/New Bedford of the Sheet Metal Workers' International Association ("Local 17" or "the Union") and the Fall River/New Bedford Sheet Metal Contractors Association ("Contractors Association"). A true, accurate and authentic copy of the Agreement is attached hereto as Exhibit A.

15. The Agreement requires signatory contractors to make contributions to the Funds for each hour worked by covered employees in the type of work covered by the Agreement. See e.g., Exhibit A, Addenda, at #4 and #30.

4

16.     Twin Tech has not paid contributions due under the Agreement for the period March 1, 2016 to the present.  Prior to March 1, 2016, Twin Tech made contributions and transmitted remittance reports to the Funds pursuant to the Agreement.

17.     On information and belief, Twin Tech owes $23,245.00 in contributions to the Funds for hours worked for the period of March 1, 2016 through the present, plus interest, damages and attorneys' fees of at least $3,175.00 to date.

18.     Funds' Administrator Robert Keogh has demanded payment of all contributions due and owing, but to date, Twin Tech has failed to pay the amount of contributions due and owing.

19.     Twin Tech has violated its obligations under the Agreement and ERISA by failing to pay contributions to the Funds for all hours of work as required under the Agreement.

## COUNT I – VIOLATION OF ERISA - UNPAID CONTRIBUTIONS

20.     Plaintiff Funds repeat and reallege each and every allegation contained in paragraphs 1 through 19, supra.

21.     Twin Tech owes the Funds contributions in the amount of at least $23,245.00 for hours worked by covered employees for the period March 1, 2016 through the present.

22.     Twin Tech's failure to make contributions to the Insurance, Annuity, Apprentice and Training and Supplemental Pension Funds on behalf of all covered employees and as required by the terms of the Agreement violates Section 515 of ERISA, 29 U.S.C. §1145.

23.     Section 502(g)(2) of ERISA provides that a fiduciary of a multi-employer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to unpaid contributions, interest thereon, liquidated damages, attorneys' fees and costs, audit fees and costs,

and other appropriate legal and equitable relief, and to date, those amounts total approximately $3,175.00. 29 USC §1132(g)(2).

24. Absent an order from this Court, Defendant Twin Tech will continue to refuse to pay the monies it owes to the Funds, and the Funds and their participants will be irreparably damaged.

25. A copy of this Amended Complaint is being served upon the Secretary of Labor, the Secretary of the Treasury and the U.S. Attorney General by certified mail as required by Section 502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II – VIOLATION OF LMRA - UNPAID CONTRIBUTIONS

26. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-25, supra.

27. Twin Tech is obligated to make contributions to the Funds under its collective bargaining agreement with the Union, which is an agreement under Section 301 of the Labor Relations Management Act, 29 USC §185.

28. Twin Tech's failure to make all contributions to the Funds as required by the collective bargaining agreement violates the collective bargaining agreement and Section 301 of the LMRA, 29 USC §185.

## COUNT III – REACH-AND-APPLY AGAINST D.D.S. INDUSTRIES, INC.

29. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 28 supra.

30. Upon information and belief, Twin Tech contracted with and performed work for DDS. The Plaintiffs have a legal or equitable interest in any payments due Twin Tech from DDS.

31. Further, there is no known insurance available to satisfy the judgment the Funds will obtain against Twin Tech.

32. The funds held by DDS cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

## **RELIEF REQUESTED**

WHEREFORE, the Plaintiff Funds request this Court to grant the following relief on Counts I, II and III:

a. Order the attachment by trustee process of the bank accounts of Twin Tech.

b. Order the attachment of the machinery, inventory and accounts receivable of Twin Tech.

c. Order Twin Tech to provide the Funds or their duly authorized representative all of its payroll and contract-related records, including, but not limited to, file copies of contribution or remittance reports, payroll tax returns and forms, corporate tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals, and a complete listing of all job locations from the end of the last audited date until the date of the Court's order, for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for at least the period March 1, 2016 through the present;

d. Enter a preliminary and permanent injunction enjoining Twin Tech from refusing or failing to provide the Funds or their duly authorized representative all of records prayed for in the preceding paragraph;

  e. Enter judgment in favor of the Funds in the amount of $23,245.00 in unpaid contributions, plus any additional amounts determined by the Court to be owed by Twin Tech or which may become due during the pendency of this action, together with interest on the unpaid contributions, liquidated damages, and reasonable attorneys' fees, and all costs, all pursuant to 29 U.S.C. §1132(g)(2);

  f. Enter a preliminary and permanent injunction against DDS and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with them, and those persons acting at their command who receive actual notices of this order by personal service or otherwise, and each and every one of them, enjoining them from making any payment to Twin Tech on account of sums that are due or will hereafter become due from them to Twin Tech;

  g. Such further and other relief as this Court deems appropriate.

           Respectfully submitted,

           ROBERT W. KEOGH, as he is ADMINISTRATOR, and JAMES WOOL AND JOHN S. DESMOND, as they are Trustees, SHEET METAL WORKERS LOCAL NO. 17 INSURANCE FUND, *et al.*,

           by their attorneys,

           /s/ Elizabeth A. Sloane
           Elizabeth A. Sloane, Esq., BBO#567866
           SEGAL ROITMAN, LLP
           111 Devonshire Street, 5th Floor
           Boston, MA 02109
           (617) 603-1433
           (617) 742-2187 (fax)
Dated: September 15, 2016     esloane@segalroitman.com